UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERTIN MONGE GOMEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | No.  1:25-cv-01724 DJC SCR<br><br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee proceeding through appointed counsel in this habeas corpus action filed pursuant to 28 U.S.C. § 2241.  This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).  Because the Petitioner concedes on reply that he has already received a custody redetermination hearing (ECF No. 16), the undersigned recommends the § 2241 petition be denied.

**I.      Factual and Procedural History**

**A.  The Petition**

Petitioner filed his petition on December 3, 2025, without the assistance of counsel.[1]  ECF No. 1.  Petitioner has been detained in DHS custody since June 23, 2025.  Id. at 5.  He alleges an

---

[1]  Petitioner filed the petition together with a motion to appoint counsel.  ECF No. 3.  The undersigned granted the motion to appoint counsel on December 10, 2025.  ECF No. 5.

1

Immigration Judge ("IJ") told him that she "did not have jurisdiction to give me bond." Id. Petitioner states that he is a noncitizen and is pursuing claims in removal proceedings through a form I-485 (Application to Register Permanent Residence or Adjust Status) and a form EOIR 42B (Application for Cancellation of Removal for Certain Nonpermanent Residents). Id. at 4-5.

Petitioner asserts that he has strong family and community support. He asks for release so that he can help his family pay the mortgage and bills, including medical bills for his son who has been receiving diagnostics for cancer. ECF No. 1 at 5. Petitioner also alleges "horrible" conditions at the Golden State Annex Detention Center. Id at 6. He claims that he submitted a medical service request for his knee but was not seen for three weeks. The showers and water are unclean, and he has fungus on his feet from the water. Id.

The petition asserts a violation of Petitioner's rights under the Due Process Clause of the Fifth Amendment and asks the court to order Petitioner's release on grounds his detention is not justified because the government has not established, by clear and convincing evidence, that he presents a risk of flight or danger. Id. at 16-17. In the alternative, Petitioner requests he be released within 30 days unless Respondents schedule a hearing before an IJ in which the government bears the burden of justifying his continued detention. Id. at 17.

### B. Respondents' Answer

Respondents submitted an answer to the petition on January 8, 2026. ECF No. 15. The answer provides additional factual background on Petitioner's detention. According to the Form I-213 dated June 23, 2025, Petitioner is a citizen and national of Mexico. On February 26, 2008, Petitioner was apprehended by Customs and Border Protection agents and granted a voluntary return to Mexico. ECF No. 15-1 at 2. Petitioner claimed that he then re-entered the United States without inspection on March 5, 2008. Id. at 3.

Petitioner filed a form I-485 with USCIS on April 2, 2024.[2] DHS took Petitioner into custody on June 23, 2025, after it had been alerted to an appointment Petitioner had with USCIS regarding the I-485. On July 7, 2025, DHS initiated removal proceedings by filing a Notice to

---

[2] Respondents submitted documentation of the I-485 but state they are unaware of Petitioner having an EOIR Form 42B as he claims in the petition. ECF No. 15 at 2, n.1.

2

Appear, charging Petitioner with "inadmissibility under section 212(a)(6)(A)(i) of the [INA], in that he is an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." ECF No. 15-1 at 4. DHS filed additional charges of inadmissibility/deportability on August 6, 2025, under Section 212(a)(7)(A)(i)(I), "as an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the [INA], and a valid unexpired passport, or other suitable travel document, or document of identity and nationality if such document is required under the regulations issued by the Attorney General[.]" Id. at 7.

Petitioner received a bond hearing before an IJ on August 7, 2025, at which he was represented by counsel. ECF No. 15-1 at 9. The IJ denied Petitioner's request for a change in custody status, citing "multiple arrests and convictions for driving under the influence of alcohol, including an occasion when he was also convicted of hit and run," as well as a conviction for driving on a suspended license as recently as 2023.[3] Id. at 9. The IJ concluded that "in light of this prolonged and serious history of engaging in dangerous conduct that respondent has not met his burden of proving that he does not pose a danger to the community." Id.

As relevant to Petitioner's allegations in the petition, the IJ rejected the government's argument that immigration courts lacked jurisdiction to consider Petitioner's request for bond:

> DHS has argued that the immigration courts lack jurisdiction to set bonds for any individual who is present in the United States without having been admitted regardless of whether those individuals were arrested without warrants hours after entry in proximity to the border or arrested with warrants years after entry and far from the border. It has provided no binding authority from the Board or the Ninth Circuit in support of this argument, nor is this court aware of any. The court disagrees and holds that aliens who were not admitted to the United States (whether charged under 212(a)(6)(A)(i) or 212(a)(7)(A)(i)(I)) and who were not

---

[3] Respondents list three misdemeanor convictions in Tulare County taken from Petitioner's Record of Arrests and Prosecutions (RAP): (1) August 20, 2015, conviction for driving under influence of alcohol with a sentence of eight days in jail and 48 months of probation; (2) February 27, 2023, conviction for driving on a suspended license and driving without an interlock device with a sentence of ten days in jail and 12 months of probation; and (3) September 7, 2023, conviction for driving under the influence of alcohol and driving without a license with a sentence of thirty days in jail and 36 months of probation. ECF No. 15 at 2-3. Respondents did not file the RAP but state they provided a copy to Petitioner's attorney. Id. at 3, n.2.

arrested without a warrant shortly after their entry, including this respondent, are governed by Section 236(a), not Section 235.

ECF No. 15-1 at 9-10. Petitioner, through counsel, filed a notice of appeal from the IJ's detention order on August 14, 2025. Id. at 12-14. The appeal remains pending. ECF No. 15 at 5.

Respondents' primary argument is that there is no remaining case or controversy given that the Petitioner has received the relief that he requested in his § 2241 petition, i.e., a bond hearing before an IJ. ECF No. 15 at 4. Respondents additionally argue that dismissal is warranted because (1) Petitioner failed to exhaust his administrative remedies before the BIA; and (2) Petitioner is subject to mandatory detention under 8 U.S.C. § 1225. Id. at 5-8.

### C.  Petitioner's Reply

On January 19, 2026, Petitioner, through appointed counsel, filed a short reply that conceded the mootness of his petition: "Petitioner concedes that Petitioner received a custody redetermination decision on the merits on August 7, 2025, and that the Petition therefore should be dismissed." ECF No. 16 at 2.

### DISCUSSION

Here, the record indeed shows that the Petitioner received an individualized bond hearing pursuant to INA Section 236(a)—8 U.S.C. § 1226(a)—on August 7, 2025. ECF No. 15-1 at 9-10. Despite Petitioner's allegation that the IJ stated there was no jurisdiction to "give" Petitioner "bond," see ECF No. 1 at 5, the IJ expressly rejected the government's jurisdictional arguments and ruled on the merits of his custody redetermination request.[4] While the IJ's decision is silent on evidentiary burdens, by application of Board of Immigration Appeals precedent, the burden would have been on Petitioner to demonstrate by a preponderance of the evidence that he would not pose a flight risk or danger to the community if released. See Matter of Guerra, 24 I. & N. Dec. 37, 40 (B.I.A. 2006). Through this habeas action, Petitioner initially sought an order requiring a bond hearing where the government would bear the burden of demonstrating he is

---

[4] The IJ issued the custody redetermination ruling roughly a month before the BIA's decision in Matter of Yujare Hurtado, 29 I&N Dec. 216 (BIA), issued on September 5, 2025, which affirmed an IJ's conclusion that he lacked authority to hear a noncitizen's request for bonding in circumstances similar to Petitioner's. Therefore, Yujare Hurtado is not at issue here.

4

either a flight risk or a danger by clear and convincing evidence, id. at 16-17, but he has not advanced that request through his reply.  For example, Petitioner has not cited authority showing that an initial bond hearing under § 1226(a) should—despite BIA precedent to the contrary—involve a heightened burden on the government.  Rather, Petitioner now concedes the Petition should be dismissed.  ECF No. 16 at 2.  Accordingly, the undersigned recommends the § 2241 petition be denied without prejudice.[5]

Finally, the undersigned need not determine the applicable stature governing Petitioner's current detention where he has already received a bond hearing pursuant to § 1226(a).  See Agustin v. Semaia, No. 5:25-cv-2788 SRM JDE, 2025 WL 3281531, at *2 (C.D. Cal. Nov. 25, 2025) (denying request for preliminary injunction challenging mandatory detention under § 1225(b)(2)(A) where, in the interim, the petitioner received an individualized bonding hearing under § 1226(a)).  In light of Petitioner's concession, the undersigned also need not determine whether the petition should also be stayed or denied based on his failure to exhaust administrative remedies.[6]

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be DENIED; and

2. Judgement be entered in Respondents' favor and this case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** after being served with these findings and recommendations, any party may file written objections with

---

[5] Should Petitioner's prolonged detention continue, he might, for example, be entitled to additional due process protections against arbitrary detention.  See, e.g., Singh v. Holder, 638 F.3d 1196, 1203-05 (9th Cir. 2011).

[6] Respondents argue that the case should be dismissed as moot, ECF No. 15 at 4, but mootness doctrine only applies to events occurring after a federal action is filed.  See Clark v. City of Lakewood, 259 F.3d 996, 1006 (9th Cir. 2001) (explaining that "[m]ootness inquiries … require courts to look to changing circumstances that arise after the complaint is filed").  Petitioner's bond hearing occurred before he filed this case.  Accordingly, the undersigned will not recommend dismissal on mootness grounds.  See Flores–Torres v. Mukasey, 548 F.3d 708, 710 n.3 (9th Cir. 2008) (recognizing mootness of noncitizen's challenge to the length of his detention without an individualized custody hearing where he received the requested hearing after the district court's decision).

the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 21, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

6