UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERTIN MONGE GOMEZ (A# 234-387-594),

　　　　　Petitioner,

　　　v.

WARDEN OF THE GOLDEN STATE ANNEX ICE DETENTION FACILITY, et al.,

　　　　　Respondents.

No.  1:25-cv-01724 DJC SCR

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  For the reasons set forth below, the undersigned recommends that the petition be granted in part and denied in part.

## FACTUAL AND PROCEDURAL HISTORY

### I.　　Factual Background

Petitioner is a 36-year-old citizen of Mexico currently detained in the Goden State Annex Detention Facility, within this judicial district.  Declaration of V. Guerrero ("Guerrero Decl.") ¶ 1, ECF No. 23-2 at 1.  Petitioner entered the United States without inspection in 2008 when he was 18 years old.  Id. ¶ 2.  For the last 18 years, petitioner has resided in Visalia, California, and purchased a home there with his wife, V. Guerrero, in May 2025.  Id. ¶¶ 3-6.  Petitioner and his

1

wife have four children ranging from ages 2 to 16.  Two of his children have serious medical issues.  Id. ¶ 7.

Immigration and Customs Enforcement (ICE) officials detained petitioner on June 23, 2025, at the U.S. Citizenship and Immigration Services (USCIS) offices in Folsom, California.  Petitioner and his wife had gone to the office together for immigration interviews regarding Guerrero's Form I-485.  Id. ¶ 8.  Form I-485 is used to apply for permanent resident status.  Instead of USCIS adjudicating that application, ICE officials charged petitioner as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i).  ECF No. 15-1 at 2, 4.

Records reflect that petitioner has an August 2015 DUI arrest for which he served eight days in jail and a September 2023 DUI arrest for which he served 30 days in jail.  ECF No. 15-1 at 3.  Petitioner also served 10 days in jail for a February 2023 arrest for driving on a suspended license.  Id.

On August 7, 2025, petitioner received a bond hearing before an immigration judge ("IJ") pursuant to 8 U.S.C. § 1226(a).  ECF No. 15-1 at 9-11.  The IJ denied bond, concluding that "in light of this prolonged and serious history of engaging in dangerous conduct that respondent has not met his burden of proving that he does not pose a danger to the community."  Id. at 9.  The IJ also rejected the government's arguments that she lacked jurisdiction to set bond and affirmed that petitioner's detention was governed by 8 U.S.C. § 1226, not § 1225.  Id. at 9-10.

**II.    Procedural History**

Petitioner, proceeding pro se, filed the § 2241 petition on December 3, 2025, alleging his ongoing, prolonged detention violated the Due Process Clause of the Fifth Amendment.  ECF No. 1.  Petitioner alleged he requested a bond hearing, but the IJ denied bond for lack of jurisdiction.  Id. at 5.  Petitioner requested that the Court issue a writ of habeas corpus, order a bond hearing before an IJ in which the government bears the burden of proof, and issue a declaration that his ongoing detention violates due process.  Id. at 17.

The undersigned appointed counsel due to the complexity of the issues involved.  ECF No. 5.  In their answer, respondents asserted that petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) but also sought to dismiss the petition as moot on grounds petitioner

2

already received a bond hearing.  ECF No. 15.  In the counseled reply brief, appointed counsel conceded that petitioner "received a custody redetermination decision on the merits on August 7, 2025, and that the Petition therefore should be dismissed."  ECF No. 17 at 5 (citing ECF No. 16 at 2).  In light petitioner's concession, the undersigned recommended that the petition be dismissed.  ECF No. 17.

On February 2, 2026, petitioner's appointed counsel sought leave to file an amended reply.  ECF No. 18.  Counsel explained that he experienced difficulties communicating with petitioner in detention and had received additional information from petitioner's wife that was "relevant to whether the IJ bond decision was legally sufficient."  Id. at 2-3.  Such information included purported proof of petitioner's participation in an 18-month, court-ordered DUI education course.  See ECF No. 23-1 at 3.  Respondents did not oppose petitioner's motion to file an amended reply.  ECF No. 20.  The undersigned vacated the findings and recommendations, granted petitioner's request to file an amended reply, and sua sponte granted respondents an opportunity to file a sur-reply.  ECF No. 21.

In the amended reply, petitioner asserts that the August 2025 bond hearing does not render his due process claim moot because it was legally insufficient.  Id. at 3-4.  Specifically, petitioner alleges the IJ erred by: (1) impermissibly shifting the burden of proof to petitioner; and (2) failing to adequately assess the risk of danger Petitioner would have posed to the community if released.  Id. at 10-13.  In their sur-reply, respondents argue that plaintiff did not appeal the bond determination to the BIA and thus failed to exhaust administrative remedies.  ECF No. 26 at 3-4.  As to the merits, respondents argue the IJ applied the proper burden of proof for a custody re-determination hearing under 8 C.F.R. § 1236.1 and properly based the dangerousness finding on petitioner's criminal history and convictions.  Id. at 2-3.  The undersigned ordered petitioner to file the transcript of the August 2025 hearing, which petitioner lodged on March 27, 2026.  ECF Nos. 27-29.

////

////

////

3

## DISCUSSION

### I.    Legal Sufficiency of August 2025 Bond Hearing

#### A.  Legal Standard

In constitutional challenges to an IJ's detention determination, a habeas court generally reviews mixed questions of fact and law under an "abuse of discretion" standard.  Martinez v. Clark, 124 F.4th 775, 785 (9th Cir. 2024).  "[A]buse of discretion" review does not involve "reweigh[ing] evidence" but rather determining whether the IJ "applied the correct legal standard."  Id. (citation and quotations omitted).  In other words, "[i]n reviewing the IJ's determination, a district court['s] . . . review is limited to whether the IJ's decision 'reflects clear legal error or is unsupported by sufficient evidence.'"  Quan v. Barr, No. 20-cv-8118 LB, 2021 WL 308610 at *4 (N.D. Cal. 2021) (quoting Hilario Pankim v. Barr, No. 20-cv-2941 JSC, 2020 WL 2542022, at *8 (N.D. Cal. May 19, 2020) (internal citation and quotation omitted)).  The reviewing court must bear in mind that "the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process."  Hernandez v. Sessions, 872 F.3d 976, 981 (9th Cir. 2017).  Moreover, a habeas court reviews pure questions of law de novo.  See Singh v. Holder, 638 F.3d 1196, 1202-03 (9th Cir. 2011).

#### B.  Petitioner's Bond Hearing Was Legally Sufficient

For the reasons explained below, the undersigned finds that the IJ's August 2025 bond determination was legally sufficient.  Because petitioner is not entitled to relief on the merits of his legal challenge to the hearing, the undersigned need not address the parties' exhaustion arguments.  See Lambrix v. Singletary, 520 U.S. 518, 524-25 (1997) (federal courts may bypass questions of procedural default to reach merits of claims that are resolvable against the habeas petitioner); Flournoy v. Small, 681 F.3d 1000, 1004 n.1 (9th Cir. 2012) ("While we ordinarily resolve the issue of procedural bar prior to any consideration of the merits on habeas review, we are not required to do so when a petition clearly fails on the merits.").

##### i.  The IJ Applied the Proper Burden of Proof

The bond hearing transcript reflects that the IJ declared petitioner bore the burden of proving he was not a danger to the community.  ECF No. 29 at 5:15-19.  This burden is consistent

with BIA precedent governing redetermination hearings under § 1226(a), which holds that the petitioner must demonstrate by a preponderance of the evidence that he would not pose a flight risk or danger to the community if released. Matter of Guerra, 24 I. & N. Dec. 37, 40 (B.I.A. 2006). The Ninth Circuit upheld the facial constitutionality of this framework in Rodriguez Diaz v. Garland, 53 F.4th 1189, 1211–12 (9th Cir. 2022). Petitioner raises only legal arguments and has not identified any facts unique to his situation tending to show that burden shifting "was constitutionally necessary to minimize the risk of error." Rodriguez Diaz, 53 F.4th at 1212.

The two district-court authorities that petitioner cites are not contrary to these precedents. Petitioner first points to Y.S.G. v. Andrews, No. 2:25-cv-1884 SCR, 2025 WL 2979309, at *9-*11 (E.D. Cal. Oct. 22, 2025), where the undersigned determined an IJ abused her discretion in finding the petitioner posed a danger and flight risk by clear and convincing evidence. But there, the government bore that burden on account of Chief Judge Nunley's underlying preliminary injunction order, not by operation of § 1226(a). Id. at *3.

Petitioner also cites Ixchop Perez v. McAleenan, 435 F. Supp. 3d 1055, 1060 (N.D. Cal. 2020), where the district court held that, pursuant to Singh, 638 F.3d at 1201, "Due Process requires that the government, not the noncitizen, bear the burden at an immigration bond hearing." But Ixchop predates Rodriguez Diaz, where the Ninth Circuit distinguished Singh as applying to circumstances where a noncitizen did not acquire procedural protections until their detention became prolonged (i.e., more than six months in duration). Rodriguez Diaz, 53 F.4th at 1211. In cases where the noncitizen "was subject to § 1226(a) and its bond determination processes from the onset of his detention," the Ninth Circuit held that procedural due process did not require such burden shifting. Id. As petitioner here received a § 1226(a) hearing shortly after his initial detention, the undersigned is bound by Rodriguez Diaz. Accordingly, the undersigned finds that the IJ did not abuse her discretion in placing the burden of proof on petitioner.

### ii. The IJ's Dangerous Determination Was Not an Abuse of Discretion

"To determine whether an alien is a danger to the community or a risk of flight, an IJ weighs nine factors under BIA precedent." Martinez, 124 F.4th at 783 (citing Matter of Guerra, 24 I. & N. Dec. 37 (BIA 2006)). "The nine factors an IJ 'may' consider 'include any or all of the

5

following:' (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States." Id. "'[T]he Guerra factor most pertinent to assessing dangerousness' is 'the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses.'" Id. (quoting Singh, 638 F.3d at 1206).

According to the hearing transcript, the IJ first clarified with the parties that petitioner's criminal history consisted of a DUI with a hit and run from 2015, driving on a suspended license in 2020, and another DUI with a license infraction from 2023. ECF No. 29 at 5:2-6. When asked how he would meet his burden, petitioner, through counsel, told the IJ that he would enroll in classes and accept a monitoring device. Id. at 5:21-23. Petitioner also told the IJ he stopped drinking and that his detention was causing financial hardship on his family. Id. at 5:23-25, 6:1-6; 6:22-24. When asked twice by the IJ when he last had a drink ("Was it Christmas, your birthday? I mean, help me out here," id. 7:6-7), petitioner responded both times that he didn't remember. Id. at 7:1-11.

After this exchange, the IJ denied bond:

> All right. Well, sir, I am going to deny your request to be released on bond. You have the -- in order to qualify to be released on a bond, you have to prove to me that you would not be a danger to the community. And you have repeatedly engaged in very dangerous behavior of driving under the influence of alcohol. So my finding is that even though you claim that you are no longer drinking that you have not submitted sufficient evidence to prove that you are no longer a danger to persons or property. I understand that your family needs your financial contribution, but I am not allowed to let you out of custody if I think that you're going to be a danger. So I'm denying your request to be released from custody on a bond.

ECF No. 29 at 7:13-25. In the accompanying written order, the IJ explained her ruling as follows:

6

> Respondent has multiple arrests and convictions for driving under the influence of alcohol, including an occasion when he was also convicted of hit and run.  He also has a conviction for driving on a suspended license. Mr. Monge's most recent conviction was 2023.  The court finds in light of this prolonged and serious history of engaging in dangerous conduct that respondent has not met his burden of proving that he does not pose a danger to the community. Accordingly, the court denies bond.

ECF No. 15-1 at 9.

Petitioner argues that the IJ's dangerousness determination did not meet due process requirements.  He claims that the IJ failed to consider the remoteness of his 2023 DUI conviction or his participation in a court-ordered DUI education program.  ECF No. 23 at 13.  Respondent counters that the petitioner has not identified any legal deficiencies in the dangerous determination and "simply interprets the current significance of his own criminal history differently from the IJ."  ECF No. 25 at 2-3.

The IJ's lack of factual investigation into the circumstances of petitioner's DUIs gives the Court some pause.  Still, on the record as a whole, the undersigned cannot say the IJ abused her discretion.  Although her oral and written decisions are brief, she identified petitioner's criminal history as the basis for her finding and emphasized his repeat offenses.  Moreover, petitioner bore the burden of proof in this § 1226(a) hearing and appeared with counsel.  Although he now offers evidence that a state court judge ordered him to complete a DUI program, there is nothing in the record to show that he submitted information concerning a DUI program to the IJ.  Nor is there even evidence before this Court that he actually enrolled in or completed such a DUI program— there is only a state court document from 2023 imposing a requirement that he complete an eighteen-month DUI program.  ECF No. 23-1 at 3-4.  Finally, at the bond hearing, petitioner did not offer a meaningful response to the IJ's inquiry into his efforts to stop drinking.  Thus, the undersigned finds no error in the IJ's recency finding given that petitioner did not present any rehabilitation efforts for her to consider.  See Perez v. Wolf, 445 F. Supp. 3d 275, 287 (N.D. Cal 2020) (finding that it "not constitutional error for an IJ to base [a detention] decision on [a] petitioner's criminal record, so long as the IJ analyzes the recency of the crimes *and* what (if any) actions the petitioner has taken to rehabilitate" himself) (emphasis added).  Accordingly, the IJ's custody redetermination did not violate petitioner's due process rights.

## II.    Due Process Challenge to Ongoing Detention

### A. Applicable Detention Statute

The statutory and regulatory framework governing immigration detention is complex. "Where a [noncitizen] falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008). Respondents argue that petitioner is an applicant for admission subject to mandatory detention under 8 U.S.C. § 1225(b)(2). ECF No. 15 at 9-10. Petitioner counters he is detained under 8 U.S.C. § 1226(a) and is entitled to its procedural protections. ECF No. 23 at 6-9.

A majority of courts within the Ninth Circuit Court of Appeals have held that § 1226(a) governs the detention of noncitizens like petitioner who entered the United States without inspection and were subsequently detained after residing in the country for several years. As Judge Calabretta recently explained:

> This Court agrees with Petitioner that he is likely subject to Section 1226(a)'s discretionary detention scheme rather than Section 1225(b)(2)'s mandatory detention scheme and, therefore, is entitled to a bond hearing. Respondents argue Petitioner is an "applicant for admission" within the meaning of Section 1225. (Opp'n at 8.) This argument reflects a recent executive branch policy change directing federal immigration officials to seek expedited removal of a larger swath of noncitizens by classifying all noncitizens present in the United States as "applicant[s] for admission" under Section 1225. C.A.R.V. v. Wofford, No. 1:25-cv-01395-JLT-SKO, 2025 WL 3059549, at *5 (E.D. Cal. Nov. 3, 2025) (quoting Salcedo Aceros v. Kaiser, No. 25-CV-06924-EMC, 2025 WL 2637503, at *1–4 (N.D. Cal. Sept 12, 2025), describing this policy change).
>
> This Court rejects Respondents' argument and finds that the applicability of these provisions is governed by when and where a noncitizen encounters immigration enforcement officials. Courts in this Circuit have found that Section 1225 applies to those apprehended upon arrival to the United States while Section 1226 applies to those already living within the United States. See, e.g., Bostock, 779 F. Supp. 3d at 1257 (finding petitioner likely to succeed on merits of argument that 1225(b)(2)(A) "should be read to narrow mandatory detention under that subsection to noncitizens who are apprehended while seeking to enter the country, and that noncitizens already residing in the United States, including those who are charged with inadmissibility, continue to fall under the discretionary detention scheme in Section 1226") (internal quotation marks omitted); J.A.C.P. v. Wofford, No. 1:25-cv-01354-KES-SKO-HC, 2025 WL 3013328, at *6–7 (E.D. Cal. Oct. 27, 2025). This interpretation of these provisions is further supported by the canon against surplusage, a recent Supreme Court decision, and longstanding agency practice.

E.L.D.M. v. Becerra, No. 1:25-cv-1906 DJC JDP, 2025 WL 3707140, at *3 (E.D. Cal. Dec. 22,

8

2025).  Moreover, it is undisputed that the IJ convened petitioner's bond hearing pursuant to 8 C.F.R. § 1236.1, a regulation implementing 8 U.S.C. § 1226(a), and expressly rejected the government's position that petitioner was detained under § 1225(b)(2).  ECF No. 15-1 at 9-10.  Accordingly, the undersigned finds that § 1226(a) continues to govern petitioner's detention.

### B.  Petitioner is Entitled to Declaratory Relief on His Due Process Claim

Having determined that petitioner is subject to the discretionary detention scheme at 8 U.S.C. § 1226(a), the undersigned further concludes that he is eligible to invoke the statute's procedural protections.  Section 1226(a) and its implementing regulations entitle noncitizens like petitioner to critical procedural protections, including the ability "to seek an additional bond hearing before an IJ whenever they experience a material change in circumstances warranting a redetermination of custody status."  Rodriguez Diaz, 53 F.4th at 1195 (8 C.F.R. § 1003.19(e)).  A noncitizen may request such a hearing "any time before a removal order becomes final" and "may be represented by counsel and can submit evidence in support of his claims."  Id. at 1197 (citing, *inter alia*, 8 C.F.R. § 1003.19(b)).

However, respondents here assert petitioner is detained under § 1225(b)(2) and, as a result, has no entitlement to bond.  See ECF No. 15 at 1-2.  Further, although an IJ rejected respondents' statutory argument in August 2025, that decision was rendered before the BIA's decision Matter of Yajure Hurtado, 29 I. & N. Dec. 216, 225 (BIA 2025), which adopted DHS' reinterpretation of 8 U.S.C. § 1225(b)(2) and stripped IJs of authority to hear bond requests for noncitizens like petitioner who are "present in the United States without admission."  Yajure Hurtado is binding on IJs by operation of regulation, see 8 C.F.R. § 1003.1(g), and forecloses petitioner from pursuing his procedural rights under § 1226(a).[1]

Accordingly, in light of the parties entrenched disagreement as to the statutory authority for petitioner's detention, the undersigned recommends that petitioner's request for declaratory

---

[1]  As of this writing, Yajure Hurtado has not been vacated.  On March 31, 2026, the Ninth Circuit granted the government's motion to stay pending appeal of another court's February 18, 2026, order vacating Yajure Hurtado under the APA.  Bautista, et al. v. U.S. Dep't Homeland Security, et al., Case No. 26-1044 (9th Cir. Mar. 6, 2026).  On March 30, 2026, yet another court vacated Yajure Hurtado pursuant to the APA but stayed the ruling pending the Bautista appeal.  Ramirez, et al., v. Mullin, et al., No. 2:25-cv-2136 RFB MDC, 2026 WL 879799 (D. Nev. Mar. 30, 2026).

relief on his due process challenge be granted.[2]  See 28 U.S.C. § 2201 ("In a case of actual controversy within its jurisdiction . . . [a court] may declare the rights and other legal relations of any interested party seeking such declaration . . ..");  Societe de Conditionnement en Aluminium v. Hunter Eng'g Co., 655 F.2d 938, 942 (9th Cir. 1981) (declaratory judgment is appropriate where "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy") (citation omitted).  The declaratory judgment should reflect that petitioner is detained under 8 U.S.C. § 1226(a) and entitled to the protections of that statute and its implementing regulations, including the right to request bond re-determination upon a showing of materially changed circumstances under 8 C.F.R. § 1003.19(e).  Such a declaratory judgment is "legally binding on the parties" to this case, Owner-Operator Indep. Drivers Ass'n, Inc. v. Swift Transp. Co., Inc., 632 F.3d 1111, 1123 (9th Cir. 2011), and carries "the force and effect of a final judgment."  28 U.S.C. § 2201.

Finally, the undersigned rejects respondents' arguments in their answer that exhaustion is warranted because "the BIA is well-positioned to assess the interplay between § 1225 and § 1226."  ECF No. 15 at 5-6.  Petitioner is not required to exhaust administrative remedies here, e.g., request a bond hearing under 8 C.F.R. § 1003.19(e), because doing so would be futile in light of Yajure Hurtado.  See J.A.C.P. v. Wofford, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328, at *7 n. 9 (E.D. Cal. Oct. 27, 2025) ("pursuit of administrative remedies would almost certainly be futile given the BIA's recent holding that all noncitizens present in the United States without admission are "seeking admission" for purposes of 8 U.S.C. § 1225(b)(2)(A) and must be detained"); Estrada-Samayoa v. Cruz, No. 1:25-CV-01565-EFB (HC), 2025 WL 3268280, at *8 (E.D. Cal. Nov. 24, 2025) (same and collecting cases).

////

---

[2] Declaratory and injunctive relief are proper habeas remedies.  See Ortega v. Bonnar, 415 F. Supp.3d 963, 967–68 (N.D. Cal. 2019) (enjoining ICE from re-arresting petitioner without a bond hearing); Perera v. Jennings, 598 F. Supp. 3d 736, 747 (N.D. Cal. 2022), and Pham v. Becerra, 717 F. Supp. 3d 877, 884 (N.D. Cal. 2024) (same); see also  28 U.S.C. § 2243 ("The court shall . . . dispose of the matter as law and justice require."); Carafas v. LaVallee, 391 U.S. 234, 239 (1968) ("[T]he statute does not limit the relief that may be granted to discharge of the applicant from physical custody.  Its mandate is broad with respect to the relief that may be granted.").

10

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1.    Petitioner's (A# 234-387-594) application for a writ of habeas corpus (ECF No. 1) be GRANTED IN PART and DENIED IN PART as follows:

      a.    Petitioner's habeas challenge to the legal sufficiency of the bond hearing on August 7, 2025, be DENIED; and

      b.    Petitioner's request for declaratory relief (ECF No. 1 at 17) be GRANTED and any order adopting these findings and recommendations declare that petitioner is subject to the discretionary detention scheme in 8 U.S.C. § 1226(a) and eligible to invoke the procedural protections in that statute and its implementing regulations, including the right to request a subsequent bond redetermination pursuant to 8 C.F.R. § 1003.19(e).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 28, 2026

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

11